**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANDERSON DESIGN GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 1:25-cv-07396 <br><br> **Judge Edmond E. Chang** <br><br> **Magistrate Judge Keri L. Holleb Hotaling** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff ANDERSON DESIGN GROUP, INC. ("Anderson Design Group" or "Plaintiff") against the defendants identified on [Amended] Schedule A, and using the Online Marketplace Accounts identified on [Amended] Schedule A (collectively, the "Defendant Internet Stores"), and Anderson Design Group having moved for entry of Default and Default Judgment against the defendants identified on [Amended] Schedule A attached hereto (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Anderson Design Group having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Anderson Design Group has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Anderson Design Group's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-429-051 (the "Anderson Design Group Work") to residents of Illinois. In this case, Anderson Design Group has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Anderson Design Group Work. *See* Docket No. [**18**], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Anderson Design Group Work.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Anderson Design Group's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1.  Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a.  using the Anderson Design Group or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Anderson Design Group product or not authorized by Anderson Design Group to be sold in connection with the Anderson Design Group Work;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Anderson Design Group product or any other product produced by Anderson Design Group, that is not Anderson Design Group's or not produced under the authorization, control, or supervision of Anderson Design Group and approved by Anderson Design Group for sale under the Anderson Design Group Work;

    c.  committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Anderson Design Group, or are sponsored by, approved by, or otherwise connected with Anderson Design Group; and

    d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Anderson Design Group, nor authorized by Anderson Design Group to be sold or offered for sale, and which bear any of Anderson

3

Design Group's copyrights, including the Anderson Design Group Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Temu, LLC ("Temu") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Anderson Design Group Work; and

   b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Anderson Design Group Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Anderson Design Group product or not authorized by Anderson Design Group to be sold in connection with the Anderson Design Group Work.

3. Upon Anderson Design Group's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Anderson Design Group Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Anderson Design Group is awarded statutory damages from each of the Defaulting Defendants in the amount of fifteen-thousand dollars ($15,000)

for willful use of the infringing Anderson Design Group Work on products sold through at least the Defendant Internet Stores. This statutory award is appropriate to balance the goals of deterrence and providing some measure of compensation without crossing the line into over-deterrence and punishment. The infringing goods are modestly priced. R. 18-1 at 2 ($15.38), *id.* at 7 ($15.50). The online sellers also have a modest number of overall followers and sales. R. 18-1 at 2 (22 followers, 378 sold), *id.* at (24 followers and 694 sold). Given the likelihood that the infringement has resulted in modest sales, but balancing the need to provide some compensation, the award is appropriate.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Temu, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Temu, are hereby released to Anderson Design Group as partial payment of the above-identified damages, and Third Party Providers, including Temu, are ordered to release to Anderson Design Group the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Anderson Design Group has recovered full payment of monies owed to it by any Defaulting Defendant, Anderson Design Group shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.     In the event that Anderson Design Group identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Anderson Design Group may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Joel Anderson and any e-mail addresses provided for Defaulting Defendants by third parties.

9.     The Two Thousand U.S. Dollars ($2,000) ($1,000 per defendant), surety bond, posted by Anderson Design Group is hereby released to Anderson Design Group or Plaintiff's counsel, Keith Vogt, Ltd., 33 W Jackson Blvd, #2W, Chicago, Illinois, 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Anderson Design Group or Plaintiff's counsel.

This is a Default Final Judgment.

Dated: August 15, 2025

_Edmond E. Chang_

Edmond E. Chang
United States District Judge

6

**[Amended] Schedule A**

| No. | Defendants |
|-----|------------|
| 1 | XZ ART SHOP |
| 2 | YQ ART SHOP |

ILND 450 (Rev. 04/29/2016) Judgment in a Civil Action

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Anderson Design Group, Inc.,<br>Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations<br>Identified on Schedule A, et al.,<br><br>Defendants, | Case No.  25 C 7396<br><br>Judge Edmond E. Chang |

### JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff
and against defendants

which ☐ includes        pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment. Plaintiff shall recover costs from defendants.

☐    in favor of defendant
and against plaintiff

Defendant shall recover costs from plaintiff.

☒    other:  Judgment entered in favor of the Plaintiff and against the Defendants in the amount of fifteen-thousand dollars ($15,000) from each Defendant. Permanent injunction entered.

This action was *(check one)*:

☐ tried by a jury with Judge presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☒ decided by Judge Edmond E. Chang on 8/15/2025.

Date:  8/15/2025                                Thomas G. Bruton, Clerk of Court

                                               Jannette Nunez, Deputy Clerk